# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-90907 (CML)** |
| | § | |
| **STRATEGIC MATERIALS, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 76-0297116 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90908 (CML)** |
| | § | |
| **SMI TOPCO HOLDINGS, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-3036850 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90909 (CML)** |
| | § | |
| **SMI GROUP ULTIMATE HOLDINGS, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-2755043 | § | |
| **In re:** | § | **Case No. 23-90910 (CML)** |
| | § | |
| **SMI GROUP HOLDINGS, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 20-3349607 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90911 (CML)** |
| | § | |
| **SMI GROUP ACQUISITIONS, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 20-3349072 | § | |
| | § | |

4892-0657-9064

| | | |
|---|---|---|
| **In re:** | § | **Case No. 23-90912 (CML)** |
| | § | |
| **STRATEGIC MATERIALS HOLDING CORP.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 20-0924439 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90913 (CML)** |
| | § | |
| **AMERICAN SPECIALTY GLASS, INC.,** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 27-3830993 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90914 (CML)** |
| | § | |
| **CONTAINER RECYCLING ALLIANCE, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 20-5037719 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90915 (CML)** |
| | § | |
| **SMI REFLECTIVE RECYCLING NE HOLDCO, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 81-0723065 | § | |
| | § | |
| **In re:** | § | **Case No. 23-90916 (CML)** |
| | § | |
| **SMI REFLECTIVE RECYCLING HOLDCO, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 81-0723541 | § | |
| | § | |

4892-0657-9064

| | | |
|---|---|---|
| **In re:** § | **Case No. 23-90917 (CML)** | |
| § | | |
| **SMI REFLECTIVE INDUSTRIES HOLDCO, LLC** § | **(Chapter 11)** | |
| § | | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. 81-0733374 § | | |
| **In re:** § | **Case No. 23-90918 (CML)** | |
| § | | |
| **SMI EQUIPMENT, INC.** § | **(Chapter 11)** | |
| § | | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. 47-2192735 § | | |
| **In re:** § | **Case No. 23-90919 (CML)** | |
| § | | |
| **SMI NUTMEG HOLDCO, LLC** § | **(Chapter 11)** | |
| § | | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. 81-0724526 § | | |
| **In re:** § | **Case No. 23-90920 (CML)** | |
| § | | |
| **SMI BEVCON HOLDCO, LLC** § | **(Chapter 11)** | |
| § | | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. 81-0726158 § | | |
| **In re:** § | **Case No. 23-90921 (CML)** | |
| § | | |
| **RIPPLE GLASS, LLC** § | **(Chapter 11)** | |
| § | | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. 30-0501936 § | | |

4892-0657-9064

| | | |
|---|---|---|
| **In re:** § | **Case No. 23-90922 (CML)** |
| § | |
| **NEXCYCLE, INC.** § | **(Chapter 11)** |
| § | |
| **Debtor.** § | |
| § | |
| **Tax I.D. No. 62-1579109** § | |
| § | |

**ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "***Motion***")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") consolidating the administration of all of the above-captioned chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

4892-0657-9064

1. The above-captioned chapter 11 cases shall be jointly administered for procedural purposes only as follows. Additionally, the following checked items are ordered:

   a. __X__  One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time.

   b. __X__  Parties may request joint hearings on matters pending in any of the jointly administered cases.

   c. __X__  The U.S. Trustee may conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, to the extent required, a joint first meeting of creditors.

   d. __X__  Unless otherwise required by the Court, to the extent the Debtors are required to file schedules of assets and liabilities and statements of financial affairs, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders.

   e. __X__  Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed.

   f. __X__  A separate claims register shall be maintained for each Debtor.

2. The Court shall maintain one file and one docket for all of the jointly administered cases under the lead case of Strategic Materials, Inc. and administer these chapter 11 cases under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In re:** § | | **Case No. 23-90907 (CML)** |
| § | | |
| **STRATEGIC MATERIALS, INC.,** *et al.***,** § | | **(Chapter 11)** |
| § | | |
| Debtors.[2] § | | **(Jointly Administered)** |

---

[2] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Strategic Materials, Inc. (7116); SMI Group Ultimate Holdings, Inc. (5043); SMI Topco Holdings, Inc. (6850); SMI Group Holdings, LLC (9607); SMI Group Acquisitions, Inc. (9072); Strategic Materials Holding Corp. (4439); American Specialty Glass, Inc. (0993); Container Recycling Alliance, LLC (7719); SMI Reflective Recycling NE HoldCo, LLC (3065); SMI Reflective Recycling HoldCo, LLC (3541); SMI Reflective Industries HoldCo, LLC (3374); SMI Equipment, Inc. (2735); SMI Nutmeg HoldCo, LLC (4526); SMI BevCon HoldCo,

5

3. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets (other than Debtor Strategic Materials, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of the chapter 11 cases of Strategic Materials, Inc.; SMI Group Ultimate Holdings, Inc.; SMI Topco Holdings, Inc.; SMI Group Holdings, LLC; SMI Group Acquisitions, Inc.; Strategic Materials Holding Corp.; American Specialty Glass, Inc.; Container Recycling Alliance, LLC; SMI Reflective Recycling NE HoldCo, LLC; SMI Reflective Recycling HoldCo, LLC; SMI Reflective Industries HoldCo, LLC; SMI Equipment, Inc.; SMI Nutmeg HoldCo, LLC; SMI BevCon HoldCo, LLC; Ripple Glass, LLC; and NexCycle, Inc.  The docket in Case No. 23-90907 (CML) should be consulted for all matters affecting these cases.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 23-90907 (CML).

5. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases; *provided*, *however*, this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8. Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

---

LLC (6158); Ripple Glass, LLC (1936); and NexCycle, Inc. (9109).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  17220 Katy Freeway, Ste. 150, Houston, TX 77094.

9. Nothing contained in the Motion or this Order shall be deemed or construed as affecting the rights of parties in interest to object to, and be heard on, the appointment of any committee of creditors under section 1102 of the Bankruptcy Code, and all such rights are reserved.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Notwithstanding any Bankruptcy Rule to the contrary, this Order's terms and conditions are immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

4892-0657-9064